**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No.: 22-CR-414 (JEB)** |
| **v.** | : | |
| | : | |
| **ANDREW JOHNSON,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' MOTION TO REVOKE RELEASE ORDER**

The United States of America, by and through its undersigned attorney, respectfully moves the Court pursuant to 18 U.S.C. § 3148(b) to issue a bench warrant for Defendant Andrew Johnson for violations of the terms of his pretrial release, to revoke his pretrial release order, and detain him pending the case proceedings in this matter.

On October 21, 2022, Johnson was charged with misdemeanor conduct relating to his actions at the U.S. Capitol on January 6, 2021. Johnson was arrested and released on conditions. On May 5, 2023, Johnson was arrested and charged by Florida local authorities for: (1) driving with a suspended license, in violation of Fla. Stat. § 322.34 (misdemeanor), and (2) possession of Cyclobenzaprine, in violation of Fla. Stat. § 893.13 (third degree felony). As set forth below, Johnson's conduct is in violation of his release conditions, and he presents a danger to the community that no release conditions will adequately mitigate. The Court should accordingly grant this motion, issue a warrant for Johnson's arrest, and detain Johnson in this matter.

## BACKGROUND

### I. Johnson's Charges and Release Conditions

Between approximately 4:00 PM and 5:00 PM, Johnson was on restricted grounds of the U.S. Capitol, on the Lower West Terrace. At approximately 4:00 PM, Johnson entered the U.S. Capitol, Senate Room ST-2M, through a broken window. While in that room, another individual

video recorded others breaking a window and calling to the crowd outside to provide gas masks. In one video recording that shows broken chairs and an overturned desk, steady banging can be heard in the background, while Johnson can be seen and heard saying, "We haven't accomplished anything here. This door is still closed. We haven't accomplished anything yet. We haven't accomplished shit! We need to go through that fucking door! We're not done yet. We're not just breaking and entering. We're breaking and entering (inaudible)." Johnson is pictured below in Senate Room ST-2M in the backwards baseball cap:



On October 21, 2022, a criminal complaint charged Johnson with four misdemeanor violations for his actions at the U.S. Capitol on January 6, 2021:

- 18 U.S.C. § 1752(a)(1) – Entering & Remaining in a Restricted Building or Grounds
- 18 U.S.C. § 1752(a)(2) – Disorderly & Disruptive Conduct in a Restricted Building or Grounds
- 40 U.S.C. § 5104(e)(2)(D) – Disorderly Conduct in a Capitol Building
- 40 U.S.C. § 5104(e)(2)(G) – Parading, Demonstrating, or Picketing in a Capitol Building

On December 7, 2022, Johnson was arrested at his residence in Naples, Florida. Following his arrest, Johnson appeared before U.S. Magistrate Judge Kyle C. Dudek in the Middle District

of Florida, where he was informed of the charges and his rights. Johnson agreed to waive both an identity and preliminary hearing. (ECF No. 5).

On December 22, 2022, Johnson appeared before U.S. Magistrate Judge Moxila A. Upadhyaya in the District of Columbia. (S*ee* Minute Order dated 12/22/22). The government did not oppose Johnson's release on conditions.

The Court ordered Johnson released subject to certain conditions set out in the Court's Order Setting Conditions of Release. (ECF No. 9). The release conditions included that Johnson must not "violate federal, state, or local law while on release" and must not "possess a firearm, destructive device, or other weapon." (*Id.* at 1–2).

## II. Evidence of Violation of the Johnson's Pretrial Release Conditions and Material Change in Circumstances

### A. Johnson's Arrest in Collier County, Florida

According to a Collier County Sheriff's Office police report, at approximately 8:15 p.m. on May 5, 2023, a Collier County police officer spotted a vehicle with expired registration tags. After conducting a search, the officer confirmed that the vehicle's registration expired on January 27, 2023. He also learned that the registered owner of the vehicle was Johnson, whose Florida driver's license was suspended on June 3, 2022.[1] The officer proceeded to pull Johnson over.

When asked for his driver's license, Johnson provided the officer with a Connecticut driver's license. When asked why he possessed an out-of-state license, Johnson responded that he had not "switched it over" to Florida. He also falsely claimed to have never had a Florida driver's

[1] On June 3, 2022, Johnson was arrested for and charged with two counts of unauthorized possession of a driver's license or identification card, resisting an officer without violence, and driving under the influence. (*See* Case No. 22-05419-CF). Those charges remain pending.

license. An additional search revealed that Johnson's Connecticut license was suspended in December of 2022. Johnson was arrested for driving with a suspended license.

During the officer's inventory search of Johnson's vehicle, he discovered a clear, Ziploc bag in the driver's side door panel containing twenty-eight (28) beige-colored pills. When questioned about them, Johnson told the officer that the pills were "muscle relaxers" given to him by his father. Johnson confirmed that he did not have a prescription for the pills but said that his father does. The pills were later identified via markers as cyclobenzaprine, a muscle relaxant and a controlled substance under Florida law. Another pill with the same markings was later discovered in an Advil bottle inside of Johnson's backpack. Johnson was ultimately charged with: (1) driving with a suspended license, in violation of Fla. Stat. § 322.34 (misdemeanor), and (2) possession of cyclobenzaprine, in violation of Fla. Stat. § 893.13 (third degree felony).

At his initial appearance on May 5, 2023, bond was set at $10,000. Johnson posted bond on May 10, 2023 and was released from custody. His arraignment is scheduled for May 30, 2023.

**B. Johnson's Threatening Posts on Twitter**

Johnson is the known user of the Twitter handle "1_7_t_h" with the display name "Amuserican Tusrrorist" (with a United States flag in place of the "us" in both words). A screenshot of the account's biography, which includes a link to Johnson's GiveSendGo fundraiser page, is here:



On March 8, 2023, Johnson tweeted, "This isn't me and 'I'm' not holding a gun while on pre trial release for #j6 . . . Or maybe a bunch of American terrorists are just really pissed off." Below the tweet is a photo of Johnson posing in a gas mask with what appears to be a firearm.[2] A screenshot of the tweet and accompanying photo is depicted here:

[2] An agent from the Bureau of Alcohol, Tobacco, Firearms & Explosives believe the weapon in the photo is a B&T GHM9 pistol equipped with an arm brace.



On the same day, Johnson tweeted: "Just some #terrorist being all Terror-E #j6 #Jan6 #j6footage #jan6tapes #jan6th #trumpwon #radical #patriot #revolutionary #revolution #revolt #donotcomply . . . (P.S. ……this is art)." The second tweet is accompanied by another photo of Johnson posing with what appears to be the same weapon. A screenshot of the tweet and accompanying photo is depicted here:



Due to Johnson's distinct arm tattoos, there is no doubt that Johnson is the individual in the two tweeted photos. Specifically, Johnson's "3" and "stick man" tattoos are visible on his inner left forearm in the photos. Those tattoos are also on full display in Johnson's booking photographs from his June 3, 2022, arrest in Pinellas County, Florida:



In addition, a photo of Johnson wearing what appears to be the same gas mask he is wearing in the tweeted photos was discovered on Johnson's son's Facebook page:



## ARGUMENT

### I. The Court Should Revoke Johnson's Release

The Court should revoke Johnson's release because there is probable cause to believe he committed a state crime and because there is clear and convincing evidence that he violated the release condition that he not possess firearms.

#### A. Legal Standard

Under 18 U.S.C. § 3148(a), "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." Upon the government's motion to revoke a release order, such as the instant motion, "[a] judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release." 18 U.S.C. § 3148(b). Once before the Court,

> [t]he judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer –
> (1) finds that there is –
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that –
> (A) based on the factors set forth in section 3142(g) . . ., there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

*Id*.

Significantly, "[i]f there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, *a rebuttable presumption arises* that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any

other person or the community." *Id*. (emphasis added).

Given the recently discovered and material changes in circumstances, the government moves to revoke Johnson's release conditions and obtain a bench warrant for his arrest.

**B. Discussion**

Johnson's release conditions provide that Johnson must not "violate federal, state, or local law while on release." (ECF No. 9 at 1). Here, probable cause—already found by a Florida judge at Johnson's initial appearance— exists that Johnson committed two violations of Florida state law while on release: (1) driving with a suspended license, in violation of Fla. Stat. § 322.34 (misdemeanor), and (2) possession of Cyclobenzaprine, in violation of Fla. Stat. § 893.13 (third degree felony). Thus, the rebuttable presumption that no condition or combination of conditions will assure Johnson will not pose a danger to the safety of any other person or the community applies.

Johnson's release conditions further provide that Johnson must not "possess a firearm, destructive device, or other weapon." (ECF No. 9 at 2). There is clear and convincing evidence that Johnson was in possession of a firearm as of March 8, 2023. Johnson all but admitted to the violation in his March 8 tweets.

Moreover, Johnson's March 8 tweets demonstrate Johnson's utter disregard for the court's pretrial release order and show that he is unlikely to abide by conditions of release in future. The tone and nature of the tweets also create real safety concerns for the Florida pretrial services officers. Understandably, since the discovery of the March 8 tweets, one officer has been hesitant to conduct further home visits until he can be assured that Johnson is not in possession of any firearms or other weapons. Thus, Johnson is not a suitable candidate for pretrial supervision.

## CONCLUSION

WHEREFORE, the government respectfully requests that this Court issue a bench warrant for Johnson, pursuant to 18 U.S.C. 3148(b), for violating his pretrial release conditions, revoke his pretrial release order, and detain him pending the case proceedings in this matter.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

*/s/ Madison H. Mumma*
Madison H. Mumma
Trial Attorney – Detailee
601 D St. N.W.
Washington, DC
Madison.Mumma2@usdoj.gov
202-431-8603

*/s/ Douglas Meisel*
Douglas Meisel
Trial Attorney
601 D St. N.W.
Washington, DC
Douglas.Meisel@usdoj.gov
202-923-7821