```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

    UNITED STATES OF AMERICA,
                                           Criminal Case
                     Plaintiff(s),         No. 22-00414 JEB
            v.
                                           Washington, D.C.
    ANDREW JOHNSON,
                                           April 15, 2024
                     Defendant(s).

    ---------------------------------------------------------

                      PLEA AGREEMENT HEARING
                 BEFORE THE HONORABLE JAMES E. BOASBERG
                    UNITED STATES DISTRICT CHIEF JUDGE

    APPEARANCES:

    FOR THE PLAINTIFF(S):     Rebekah Lederer, Esquire
                              Pavan S. Krishnamurthy, Esquire
                              United States Attorney's Office
                              District of Columbia
                              601 D Street Northwest
                              Washington, DC 20004


    FOR THE DEFENDANT(S):     Andrew Johnson, Pro se


    STANDBY COUNSEL:          David A. Howard, Esquire
                              David A. Howard, PA
                              25 Southeast Second Avenue
                              Suite 1100
                              Miami, Florida 33131



    REPORTED BY:              Tammy Nestor, RMR, CRR
                              Official Court Reporter
                              333 Constitution Avenue Northwest
                              Washington, D.C. 20001
                              tammy_nestor@dcd.uscourts.gov
```

```
1       The following proceedings began at 9:36 a.m.:
2              THE COURT:  Mr. Johnson, good morning.  This is a
3       courtroom.  No hat.  No sunglasses.
4              THE DEFENDANT:  Oh, sorry.
5              THE COURTROOM DEPUTY:  Good morning, everyone.  We
6       are here today for a jury trial in Criminal Action 22-414,
7       the United States of America versus Andrew Johnson.
8              Beginning with counsel for the government, please
9       approach the lectern and identify yourself for the record.
10             MS. LEDERER:  Good morning, Your Honor.  Rebekah
11      Lederer and Pavan Krishnamurthy on behalf of the United
12      States.  We are joined at counsel's table by a paralegal
13      specialist Shaniquea Clark and our task force officer
14      Detective Porter, Dennis Porter.
15             THE COURT:  All right.  Welcome, all of you.
16             Mr. Johnson should come up, actually.
17             Mr. Johnson, state your name.
18             MR. JOHNSON:  Andrew Johnson.
19             THE COURT:  You are representing yourselves, is that
20      correct?
21             MR. JOHNSON:  Correct.
22             THE COURT:  Thank you.  And Mr. Howard is your
23      standby counsel, is that correct?
24             MR. JOHNSON:  Yes.
25             THE COURT:  All right.  Thank you.
```

```
1              And then do you want to identify who else is at your
2     table.
3              MR. JOHNSON:  Emily Lambert.
4              THE COURT:  All right.  Thank you.
5              One thing we need to do first of all is pick the
6     alternate seats.  So, Mr. Johnson, pick a number between 1
7     and 14.
8              MR. HOWARD:  Your Honor, may I address the Court
9     briefly in my capacity as standby counsel?
10             THE COURT:  Sure.
11             MR. HOWARD:  I am of the current impression that
12    based upon Mr. Johnson's meeting with this young lady whose
13    consultation -- he's taking her advice, and I believe he is
14    of a mind to resolve this matter today short of trial --
15             THE COURT:  Okay.
16             MR. HOWARD:  -- with a plea.
17             He is now -- I was in the process -- and that's why
18    I had asked to hold off a bit -- in the process of advising
19    him that a plea agreement is no longer on the table, and he
20    would be pleading straight up to the indictment and the
21    implications of doing so.  And I would appreciate if we
22    could get another ten minutes or so so we can conclude that
23    conversation.
24             THE COURT:  Happy to do so, Mr. Howard.
25             MR. HOWARD:  Thank you, sir.
```

```
1              (A recess was taken at 9:39 a.m.)
2              THE COURT:  Let's take a ten-minute recess.
3              THE COURTROOM DEPUTY:  Back on the record in
4    Criminal Action 22-414, the United States of America versus
5    Andrew Johnson.
6              THE COURT:  All right.  So is this still going to be
7    a plea, Mr. Johnson?
8              THE DEFENDANT:  Yes, Your Honor.
9              THE COURT:  Okay.  I will have you approach the
10   lectern.  And let me just ask the government, is the
11   maximum -- is it six months and a thousand dollars for each
12   offense, or is it different, Ms. Lederer?
13             MS. LEDERER:  Your Honor, for Counts 1 and 2,
14   Count 1 being the 1752(a)(1), and Count 2 being the
15   1752(a)(2), the max for both of those counts is one year
16   imprisonment and a hundred thousand dollar fine, one year
17   of supervised release, and a special assessment of $25.
18             For Counts 3 and Counts 4, Count 3 being
19   5104(e)(2)(D) and Count 4 being 51(e)(2)(G), it is a max of
20   6 months imprisonment, five thousand dollar fine, and $10
21   special assessment.
22             THE COURT:  Okay.  Thanks so much.
23             MR. HOWARD:  Your Honor, I would respectfully move
24   to be reinstated as counsel going forward.
25             THE COURT:  All right.  Mr. Johnson, is that your
```

```
 1    request?
 2         MR. HOWARD:  He may have another attorney for
 3    sentencing, but for purposes of these proceedings, I think
 4    he would prefer me to him or at least have my counsel.
 5         THE COURT:  I don't know what your role would be in
 6    the plea, Mr. Howard, I mean, since I am going to be having
 7    the colloquy with Mr. Johnson.
 8         MR. HOWARD:  I don't think it really matters.  I
 9    will be here to assist him with the colloquy.
10         THE COURT:  Let's leave it that way.
11         MR. HOWARD:  Okay.
12         THE COURT:  Mr. Johnson, I understand you wish to
13    plead guilty today.  Is that correct?
14         THE DEFENDANT:  Yes, Your Honor.
15         THE COURT:  All right.  I need to ask you certain
16    questions to ensure you understand your rights and to
17    ensure that the plea is voluntary.  If you don't understand
18    any of my questions, please let me know and I will try to
19    make them clear.  All right?
20         THE DEFENDANT:  Yes, Your Honor.
21         THE COURT:  Let's swear in Mr. Johnson.
22         THE COURTROOM DEPUTY:  Could you raise your right
23    hand.
24
25
```

```
1                       ANDREW JOHNSON
2    Having been first duly sworn on oath, was examined and
3    testified as follows:
4         THE COURT:  Mr. Johnson, because I placed you under
5    oath, if you testify falsely, you could be prosecuted for
6    perjury or false statement.  Do you understand?
7         THE DEFENDANT:  Yes, Your Honor.
8         THE COURT:  Tell me your date of birth.
9         THE DEFENDANT:  1/27/81.
10        THE COURT:  How far did you go in school?
11        THE DEFENDANT:  16 years.
12        THE COURT:  Okay.  So that's college?
13        THE DEFENDANT:  Yeah.
14        THE COURT:  Graduated from college?
15        THE DEFENDANT:  Yes.
16        THE COURT:  Where was that?
17        THE DEFENDANT:  Three Rivers Community College.
18        THE COURT:  Have you taken any drugs or medications
19   or anything else in the last two days that might make it
20   difficult for you to follow these court proceedings?
21        THE DEFENDANT:  No, Your Honor.
22        THE COURT:  Were you born in the United States?
23        THE DEFENDANT:  Yes, Your Honor.
24        THE COURT:  Okay.  Does counsel for -- let me ask
25   the government, does the government have any question as to
```

1    the defendant's competence to enter a plea at this time?
2            MS. LEDERER:  No, Your Honor.
3            THE COURT:  Mr. Howard, you have been standby
4    counsel.  You have also been counsel.  Do you have any
5    question as to the defendant's competence?
6            MR. HOWARD:  I do not, sir.
7            THE COURT:  Okay.  I find Mr. Johnson fully capable
8    and competent of entering a plea.  I have had many
9    interactions with him over the course of this case.
10           Now, I understand you are pleading guilty to the
11   information, which means there are -- all four counts in
12   the information.  Is that correct?
13           THE DEFENDANT:  Yes, Your Honor.
14           THE COURT:  So in other words, there is no plea
15   agreement in this case.  Do you understand that?
16           THE DEFENDANT:  Yes, Your Honor.
17           THE COURT:  And that means the government -- you are
18   not getting anything for pleading guilty from the
19   government.  Another way of saying it is the government has
20   not promised you anything in exchange for this guilty plea.
21   Is that correct?
22           THE DEFENDANT:  I understand that, Your Honor.
23           THE COURT:  Okay.  Now, the maximum sentence you
24   could receive in this case, and you have heard it from the
25   government right there, is on Counts 1 and 2, one year in

```
 1    prison, $100,000 fine, one year supervised release on
 2    Counts 3 and 4, six months in prison, $5,000 fine.
 3           I could run all of those sentences consecutively,
 4    meaning one after the other.  Do you understand that?
 5           THE DEFENDANT:  Yes, Your Honor.
 6           THE COURT:  And the guidelines for this, is the
 7    government familiar with that?
 8           MS. LEDERER:  Court's indulgence, Your Honor.
 9           If I may borrow back the plea agreement.
10           Thank you.  Appreciate it.
11           Your Honor, the guidelines are calculated, and I am
12    working off of an old plea agreement which also takes into
13    account acceptance of responsibility.  Mr. Johnson's
14    offense level would be -- or the guidelines should be at
15    a 6.  Therefore -- and with his criminal history category,
16    we had him at a 1.  Therefore, if he is also given
17    acceptance of responsibility, he would be at an estimated 0
18    to 6 months.
19           THE COURT:  Okay.  Mr. Johnson, your sentencing
20    guideline range is estimated at 0 to 6 months.  Now, I am
21    not bound by that.  What that means is that I could
22    sentence you anywhere within the guidelines, but I could
23    also sentence you above the guidelines as long as I didn't
24    exceed the statutory maximum.  Do you understand that?
25           THE DEFENDANT:  I understand that, Your Honor.
```

1  THE COURT: And has anybody promised you the
2  sentence I am going to give you in this case?
3  THE DEFENDANT: No, Your Honor.
4  THE COURT: Nor could they because nobody knows. I
5  don't know until I have reviewed a lot more information.
6  Now, typically there's a document called a statement
7  of offense.
8  And I don't know here whether, Mr. Howard, there's
9  been an agreement on a written statement of offense or you
10  expect the government to make oral representations in that
11  regard. Do you know that?
12  MR. HOWARD: I'm expecting the government to make an
13  oral representation.
14  THE COURT: Okay. Mr. Johnson, what's going to
15  happen now is the government is going to tell me the
16  evidence they would have presented had the case gone to
17  trial because I can't take a plea from you unless you admit
18  that you committed the offenses that you are pleading to.
19  So listen carefully to what they are representing,
20  and then I am going to ask you at the end whether you
21  agree. Okay?
22  THE DEFENDANT: Okay.
23  THE COURT: All right. Ms. Lederer, again, this
24  would not be everything that happened on January 6, just
25  the defendant's conduct.

1           MS. LEDERER: Yes, Your Honor.
2           Your Honor, at trial the government would have
3    presented CCTV body-worn camera and third party open source
4    video which collectively would have shown that Mr. Johnson
5    had entered the restricted perimeter of the United States
6    Capitol where the then vice president Mike Pence would have
7    been visiting or would be visiting. And he did so. He
8    entered that sometime before 4:00 p.m.
9           Mr. Johnson was in the crowd outside the lower west
10   terrace door entry, which has been given the nickname the
11   tunnel. At approximately 4:15 p.m., Mr. Johnson entered
12   ST-210, which was an office that was just to the right side
13   of the tunnel building.
14          While inside there, he remained for some time
15   engaging with other rioters inside that building. He then
16   exited that office sometime later and continued to remain
17   on Capitol grounds until MPD was able to clear the grounds.
18   And then Mr. Johnson remained in proximity to those
19   restricted grounds until about 8:00 p.m. when he was
20   arrested by MPD for breaking curfew.
21          Your Honor, the government through all of the
22   evidence would have proven that the defendant, for Count 1,
23   entered and remained in the restricted building or grounds
24   without lawful authority to do so, and second, that he did
25   so knowingly.

| | |
|---|---|
| 1 | THE COURT: And knowing that it was restricted? |
| 2 | MS. LEDERER: Yes. Thank you, Your Honor. |
| 3 | For Count 2, the government would have proved that |
| 4 | Mr. Johnson engaged in disorderly or disruptive conduct in |
| 5 | or in proximity to any restricted building or grounds. |
| 6 | Second, that Mr. Johnson did so knowingly and with |
| 7 | the intent to impede or disrupt the orderly conduct of |
| 8 | government business or official functions. |
| 9 | And third, that Mr. Johnson's conduct occurred when |
| 10 | or so that his conduct, in fact, did impede or disrupt the |
| 11 | orderly conduct of government business or official |
| 12 | functions. |
| 13 | For Count 3, the government would have proved the |
| 14 | evidence that Mr. Johnson engaged in disorderly or |
| 15 | disruptive conduct in any of the United States Capitol |
| 16 | buildings or grounds, that being the States Capitol |
| 17 | building itself, and Mr. Johnson did so with the intent to |
| 18 | impede, disrupt, or disturb the orderly conduct of a |
| 19 | session of Congress or either house of Congress. And that |
| 20 | day, on January 6, in fact, Congress was in session. |
| 21 | And for Count 4, the government would have proved |
| 22 | through evidence that the defendant paraded, demonstrated, |
| 23 | or picketed in any of the United States Capitol buildings |
| 24 | and that Mr. Johnson acted willfully and knowingly. |
| 25 | THE COURT: Okay. Is that correct, Mr. Johnson? |

1             THE DEFENDANT:  Yes, Your Honor.

2             THE COURT:  I want to go over the rights you are
3     giving up by agreeing to plead guilty.

4             You understand you are not required to plead guilty
5     and you do have a right to go to trial on your charges if
6     you wanted to?

7             THE DEFENDANT:  I understand that, Your Honor.

8             THE COURT:  In fact, up until an hour ago, we were
9     prepared to go to trial.  Now, again, you decided to
10    represent yourself.  In that trial, even though it's a
11    misdemeanor trial, the government would have had to prove
12    you guilty beyond a reasonable doubt, and they would have
13    had to convince 12 jurors to unanimously convict you.  Do
14    you understand that?

15            THE DEFENDANT:  I understand that, yes.

16            THE COURT:  In addition, you would have been able,
17    as your own counsel, to make motions, make objections, and
18    cross-examine government witnesses.  Do you understand
19    that?

20            THE DEFENDANT:  Yes, Your Honor.

21            THE COURT:  In addition, you could have put on
22    evidence in your own defense if you wanted.  That means you
23    could have called witnesses.  You could have introduced
24    exhibits or videos to the extent they were relevant, but
25    you would not be required to put on any evidence because

1  you would be presumed innocent and the government would
2  have the entire burden of proof.  Do you understand that?
3         THE DEFENDANT:  I do, Your Honor.
4         THE COURT:  In addition, you would have the right to
5  testify if you wanted, but nobody could make you do that
6  because you would have a right to remain silent and I would
7  instruct the jury they could not hold that silence against
8  you.  Do you understand that?
9         THE DEFENDANT:  Yes, Your Honor.
10         THE COURT:  In addition, if you were found guilty at
11  trial, you would have the right to appeal.  And if you
12  couldn't afford an attorney on your appeal, an attorney
13  would be represented -- I'm sorry, an attorney would be
14  appointed to represent you.  You could also represent
15  yourself, as you have done this.  Do you understand that?
16         THE DEFENDANT:  I do, Your Honor.
17         THE COURT:  Do you understand if I accept your plea
18  today, there will be no trial and there will be no appeal
19  except in a few circumstances I'm about to mention.  All
20  right?  Do you understand that?
21         THE DEFENDANT:  I do.
22         THE COURT:  So the only circumstances in which you
23  can appeal or seek relief from the Court is you can't seek
24  it for ineffective assistance of counsel.  You are your own
25  counsel.  You can appeal if I sentence you above the

```
1    guideline range or above the statutory maximum or if new
2    and currently unavailable information becomes available to
3    you following your sentence.  Do you understand that?
4            THE DEFENDANT:  I do, Your Honor.
5            THE COURT:  Now that you understand all the rights
6    you are giving up by pleading guilty, do you still want to
7    plead guilty?
8            THE DEFENDANT:  Yes, I do, Your Honor.
9            THE COURT:  Do you have any questions about the
10   rights you are giving up or anything else connected with
11   this guilty plea?
12           THE DEFENDANT:  No, Your Honor.
13           THE COURT:  Are you pleading guilty because you are,
14   in fact, guilty?
15           THE DEFENDANT:  Yes, Your Honor.
16           THE COURT:  Has anyone forced you or threatened you
17   to get you to plead guilty?
18           THE DEFENDANT:  No, Your Honor.
19           THE COURT:  All right.  I'm going to ask you then
20   how you plead on each count, guilty or not guilty.
21           The first is entering and remaining in a restricted
22   building or grounds.
23           THE DEFENDANT:  Guilty.
24           THE COURT:  The second is disorderly and disruptive
25   conduct in a restricted building or grounds.
```

```
1              THE DEFENDANT:  Guilty.
2              THE COURT:  The third is disorderly conduct in a
3    Capitol building or grounds.
4              THE DEFENDANT:  Guilty.
5              THE COURT:  And the fourth is parading,
6    demonstrating, or picketing in a Capitol building.
7              THE DEFENDANT:  Guilty.
8              THE COURT:  All right.  I am satisfied that the
9    defendant understands his rights, what he is waiving in
10   agreeing to plead guilty, and I find that he is entering
11   his plea voluntarily and there's a factual basis for his
12   plea.
13             I, therefore, accept the plea and find him guilty of
14   all four offenses:  Entering and remaining in a restricted
15   building or grounds; disorderly and disruptive conduct in a
16   restricted building or grounds; disorderly conduct in a
17   Capitol building or grounds; and parading, demonstrating,
18   or picketing in a Capitol building.
19             Okay.  So you may have a seat.
20             We are now going to pick a sentencing date.
21             THE COURTROOM DEPUTY:  July 16, 17, or 18.
22             THE COURT:  Okay.  Government, how are those dates?
23             MS. LEDERER:  Your Honor, if we could have a brief
24   moment, I know that AUSA Krishnamurthy is on military leave
25   sometime in July, I believe, so we are just
```

1    double-checking.
2            THE COURT:  All right.  Take a look.
3            Mr. Johnson, is that date available to you?
4            THE DEFENDANT:  I'm sorry.  I didn't hear.
5            THE COURT:  July 16, 17, or 18.
6            THE DEFENDANT:  It's actually my son's birthday.
7            THE COURT:  So would you prefer it not to be one of
8    those dates?
9            THE DEFENDANT:  Could it be after that date?
10           THE COURT:  Sure.
11           What is the next available day?
12           THE COURTROOM DEPUTY:  The next week, the 22nd,
13   Monday, July 22.
14           MS. LEDERER:  That works for the government.  Thank
15   you.
16           THE COURT:  How is that, Mr. Johnson?
17           THE DEFENDANT:  I'm sorry.  I didn't hear the day.
18           THE COURT:  Monday, July 22.
19           THE DEFENDANT:  Yes, that's fine, Your Honor.
20           THE COURT:  Okay.  11:00 a.m. for sentencing on that
21   date.
22           Mr. Johnson, between now and then, the probation
23   department is going to prepare a presentence report.  They
24   are going to want to interview you about your background,
25   employment, family, a number of things that go into the

```
 1    report.
 2            If you wish to have standby counsel with you during
 3    that interview, you may do so.  Then in advance of
 4    sentencing, the government may submit a memorandum.  You
 5    may also submit a memorandum in support of your sentencing
 6    position.  You may also submit letters in support of you,
 7    and Mr. Howard can tell you a little bit about that.
 8            At sentencing the government will have an
 9    opportunity to speak and so will you before I impose
10    sentence.  Any questions about any of that?
11            THE DEFENDANT:  No, Your Honor.
12            THE COURT:  Okay.  Anything else then today?
13            MS. LEDERER:  Not from the government, Your Honor.
14    We just ask that Mr. Johnson continue to check in with --
15            THE COURT:  All right.  So you still need to do --
16    is it telephone check-in that you're doing, Mr. Johnson?
17            THE DEFENDANT:  Yes.
18            THE COURT:  You still need to do that.  Because you
19    pled guilty, I'm not going to detain you between today and
20    sentencing, so you need to continue to report in.  And we
21    will see you back in July.
22            Actually, the other thing is that -- so if you
23    consent, and it's up to you, we could actually do that
24    sentencing by Zoom.  So if you would prefer to do that
25    instead of coming to the district, it's entirely up to you.
```

```
 1              THE DEFENDANT:  That would be great.
 2              THE COURT:  Okay.  Government?
 3              MS. LEDERER:  Your Honor, I just wanted to make a
 4     note that since Mr. Johnson was his own counsel, we had
 5     provided nonsensitive discovery and exhibits to
 6     Mr. Johnson.  None of that became a part of the public
 7     record.  So we would just let Mr. Johnson -- remind
 8     Mr. Johnson that he can't publicly disseminate a lot of the
 9     material at this time.  After sentencing and when those
10     exhibits are made public, Your Honor will obviously direct
11     us on to how to make those exhibits available to the
12     public.  But we just want to make sure that Mr. Johnson is
13     not publicly sharing the exhibits at this time.
14              THE COURT:  Do you understand that, Mr. Johnson?
15              THE DEFENDANT:  Yes, Your Honor.
16              THE COURT:  All right.  So I will see you on Zoom
17     July 22.
18              THE DEFENDANT:  Okay.  Thank you.
19              THE COURT:  All right.  Thank you.  You are free to
20     go.  Thank you very much.
21              And, Mr. Howard, thank you very much.
22              (The hearing concluded at 10:43 a.m.)
23                              - - -
24
25
```

C E R T I F I C A T E

    I hereby certify that the foregoing is an accurate transcription of the proceedings in the above-entitled matter.

8/13/24                    s/ Tammy Nestor
                            Tammy Nestor, RMR, CRR
                            Official Court Reporter
                            333 Constitution Avenue NW
                            Washington, D.C. 20001
                            tammy_nestor@dcd.uscourts.gov