**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Criminal Action No. 22-414 (JEB) |
| **ANDREW JOHNSON,** | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

On April 15, 2024, with trial to begin that morning, Defendant Andrew Johnson pled guilty to four misdemeanor counts: Entering and Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); Violent Entry and Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). All pertained to his participation in the insurrection on January 6, 2021. Defendant now moves, over the Government's opposition, to withdraw his guilty plea, claiming that he was pressured into the plea and that the Government has not disclosed who took a photograph of him in the Capitol. Because he never claims actual innocence and his plea was not tainted, the Court will deny his Motion.

**I.  Background**

The Government filed a four-count Information charging Johnson on December 28, 2022. See ECF No. 10. After shedding one court-appointed counsel and then deciding to proceed *pro se* with his second appointed attorney serving as stand-by counsel, Johnson arrived in court for trial on April 15, 2024, only to decide to plead to the Information in full. At that plea colloquy,

the Court conducted a full Rule 11 inquiry, finding, *inter alia*, that Johnson was competent to enter a plea, that there was a factual basis for the plea, that he understood all of the rights that he was waiving, and that he admitted all of the conduct that underlay the four offenses. See Minute Entry for April 15, 2024 (transcript not yet completed). With sentencing now looming, he has moved three-and-one-half months later to withdraw his plea. See ECF No. 63 (Mot. to Withdraw). The Government opposes. See ECF No. 65 (Opp.).

## II.     Legal Standard

Federal Rule of Criminal Procedure 11(d)(2)(B) permits a defendant to withdraw a guilty plea prior to sentencing for "a fair and just reason." "Although presentence withdrawal motions should be 'liberally granted,' they are 'not granted as a matter of right.'" United States v. Ahn, 231 F.3d 26, 30 (D.C. Cir. 2000) (quoting United States v. Ford, 993 F.2d 249, 251 (D.C. Cir. 1993)). "The decision to grant a withdrawal is within the court's discretion." United States v. Thomas, 541 F. Supp. 2d 18, 23 (D.D.C. 2008) (citing United States v. Tolson, 372 F. Supp. 2d 1, 8 (D.D.C. 2005)).

Courts deciding a motion to withdraw a guilty plea typically consider three factors: "(1) whether the defendant asserted a viable claim of innocence; (2) whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government's ability to prosecute the case; and (3) whether the guilty plea was somehow tainted." United States v. Magruder, 2021 WL 5769462, at *5 (D.D.C. Dec. 6, 2021) (quoting United States v. Taylor, 139 F.3d 924, 929 (D.C. Cir. 1998)). The final factor of these three is "viewed as the most important," id. (internal quotation marks omitted), and assesses whether the defendant entered his plea knowingly, voluntarily, and intelligently. United States v. McCoy, 215 F.3d 102, 107 (D.C. Cir. 2000).

**III.    Analysis**

Defendant does not contend that the Court's Rule 11 inquiry was in any way deficient. See Mot. to Withdraw at 11. He instead asserts that he was unable to fully review discovery and felt pressured to enter the plea; that the Government has concealed the identity of the person who photographed Johnson inside the Capitol; and that other January 6 cases on appeal might lead to D.C. Circuit opinions warranting dismissal of some of his charges. Id. The Court discusses how the tripartite withdrawal test applies to such claims.

A. Claim of Innocence

To begin, "[w]hether the movant has asserted his legal innocence is an important factor to be weighed," but "[i]f the movant's factual contentions, when accepted as true, make out no legally cognizable defense to the charges, he has not effectively denied his culpability, and his withdrawal motion need not be granted. On the other hand, where the motion does assert legal innocence, presentence withdrawal should be rather freely allowed." United States v. Barker, 514 F.2d 208, 220 (D.C. Cir. 1975) (citations omitted).

The problem here is that Defendant never even maintains his innocence, let alone offers evidence or even a proffer that could lead a reasonable factfinder to exculpate him of any of the charges. As the Court explained at the most recent hearing, whether the Government does or does not disclose the photographer is of no consequence; the point is that Johnson was illegally inside the Capitol. Even if he had generally claimed innocence — which he did not — our Circuit has held that "summary assertions of innocence" alone are not enough. United States v. Robinson, 587 F.3d 1122, 1132 (D.C. Cir. 2009). "Were mere assertion of legal innocence always a sufficient condition for withdrawal, withdrawal would effectively be an automatic right. There are few if any criminal cases where the defendant cannot devise some theory or story

3

which, if believed by a jury, would result in his acquittal." Barker, 514 F.2d at 221. Here, Johnson provides no basis for a court to acquit him.

That our Court of Appeals might subsequently issue rulings that could undermine the legal bases on which some of the convictions rest does not alter the fact that Johnson admitted under oath that he had committed the crimes charged. With no assertion of innocence, he flunks the first prong of the withdrawal test.

### B. Prejudice to the Government

The Court next considers whether granting this Motion would prejudice the Government's ability to prosecute this case. Two common examples of such prejudice include "the difficulty the Government would encounter in reassembling far-flung witnesses in a complex case" and "where a defendant's guilty plea [would] remove[] him from an ongoing trial of co-defendants" to his advantage. Id. at 222. Neither is present here. Given the absence of any assertion of prejudice by the Government, this factor favors Defendant. "This factor, however, has never been dispositive in [D.C. Circuit] cases." United States v. Curry, 494 F.3d 1124, 1128 (D.C. Cir. 2007) (internal quotation marks omitted). As such, the Court's analysis "focuses on the first and third factors." Id.

### C. Taint

The most important factor to consider is whether Johnson's plea was somehow tainted. Magruder, 2021 WL 5769462, at *5. For him to succeed, he must show "that the district court's taking of the guilty plea either failed to conform to the requirements of Federal Rule of Criminal Procedure 11 . . . or was in some other sense constitutionally deficient." Tolson, 372 F. Supp. 2d at 9. "A plea of guilty is constitutionally valid if and only if it represents a voluntary and

4

intelligent choice among the alternative courses of action open to the defendant." Thomas, 541 F. Supp. 2d at 23 (quoting McCoy, 215 F.3d at 107) (internal quotation marks omitted).

The best Defendant can summon on this front is to claim that he was "overwhelmed and unprepared" and that he pled "under immense duress." Mot. to Withdraw at 3. A finding of taint, however, requires more than this. It arises in "highly questionable circumstances," such as when a defendant misunderstands the crimes charged, has ineffective assistance of counsel when entering the plea, or is mentally ill. Barker, 514 F.2d at 221. As to potential failures of his counsel, Johnson must concede that he was representing himself at the plea, following the Court's lengthy colloquy with him two weeks earlier. See Minute Entry for April 2, 2024. As the Court warned him at the time, he would have only himself to blame if he did not act as capably as an attorney would. The guilty plea, consequently, was not tainted.

While the Court is required to grant motions to withdraw guilty pleas liberally, to do so here would be to grant Johnson's unsupported Motion as of right, which the caselaw proscribes.

### IV. Conclusion

For the foregoing reasons, the Court ORDERS that Defendant's Motion to Withdraw his Plea is DENIED.

s/ <i>James E. Boasberg</i><br>
JAMES E. BOASBERG<br>
United States District Judge

Date: August 20, 2024